# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN A. SNYDER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 09-398 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Bissoon |
| RICHARD GIGLIOTTI, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that Respondents' Motion to Dismiss the Petition for Writ of Habeas Corpus filed by John Allen Snyder (Doc. 7) be granted, and that a certificate of appealability be denied.

### II. REPORT

Petitioner John A. Snyder presently is incarcerated at the Butler County Prison. He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 asserting that he has been "imprisoned for debt" in violation of the United States Constitution. Respondents move to dismiss on the basis that Petitioner has failed to identify the court, judge or sentence he is challenging (Doc. 7).

While the Court acknowledges that Mr. Snyder's Petition is difficult to understand, this lack of detail would not ordinarily provide a basis for dismissal at this juncture. In this case, however, it is apparent from the face of the Petition that Petitioner is challenging a civil order of contempt, e.g., Petitioner asserts that he was "sentenced" by the Court of Common Pleas of Butler County, Domestic Relations Section, to "six (6) months with purge amount of

1

$29,651.38" and that a "contempt hearing" was scheduled for April 22, 2009 (Doc. 1, pp. 1, 5). In the context of a state court's order directing that a litigant be jailed for civil contempt, the Court of Appeals for the Third Circuit has made it clear that a petition for writ of habeas corpus should be dismissed absent an allegation that the Petitioner is unable to comply with the state court's order. Chadwick v. Janecka, 312 F.3d 597 (3d Cir. 2002)

The Petitioner in Chadwick refused to comply with a state court order to pay money into an escrow account in an ongoing divorce proceeding. The state court ordered Chadwick jailed for contempt until such time as the money was paid into the escrow account. After a lengthy discussion of federal law concerning contempt, the Court of Appeals for the Third Circuit concluded that there was no violation of federal law because there was no proof that Chadwick was unable to comply with the state court's orders. The Chadwick court stated that its "decision [did] not preclude Mr. Chadwick from filing a new federal habeas petition if he claim[ed] that he [was] *unable* for some reason to comply with the state court's order." 312 F.3d at 614 (emphasis in original).

In this case, Petitioner does not allege that he is unable to pay the "purge amount" set by the state court. Therefore, the state court's order directing that Petitioner be jailed until that amount is paid is not constitutionally infirm and the Petition should be dismissed. Chadwick, supra.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). Because Petitioner has not made such a showing, a certificate of appealability should be denied.

# III. CONCLUSION

On the basis of the foregoing, it is respectfully recommended that Respondents' Motion to Dismiss the Petition for Writ of Habeas Corpus filed by John Allen Snyder (Doc. 7) be granted, and that a certificate of appealability be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by July 16, 2009.

s/Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

Cc:
JOHN A. SNYDER
01972
Butler County Prison
121 Vogeley Way
Butler, PA 16001-5777